1
2
3
4
5        UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON
6                  AT SEATTLE

7   CAROLE LaROCHE,

8                  Plaintiff,
                                            C15-1003 TSZ
9         v.
                                            ORDER
10  CATHERINE WRIGHT SMITH, et al.,

11                 Defendants.

12      THIS MATTER comes before the Court on a motion to dismiss, docket no. 101,

13  pursuant to Federal Rule of Civil Procedure 12(b)(6), brought by defendants Catherine

14  Wright Smith and Valerie Villacin.  Smith's and Villacin's motion seeks to dismiss

15  plaintiff's Amended Complaint, docket no. 17, as modified in the manner set forth in the

16  Minute Order entered March 15, 2016, docket no. 151.  The Court has reviewed (i) the

17  motion, (ii) the reply, docket no. 128, (iii) plaintiff's response, docket no. 140, which was

18  permitted by Minute Order entered November 6, 2015, docket no. 134, and (iv) Smith's

19  and Villacin's response, docket no. 144, to plaintiff's partially successful motion to

20  amend complaint, which is treated as a supplement to their Rule 12(b)(6) motion to

21  dismiss, <u>see</u> Minute Order at ¶ 1(b) (docket no. 151).  The Court has also reviewed

22  plaintiff's motion for summary judgment, docket no. 154, and now enters this Order.

23

ORDER - 1

**Discussion**

Defendants Catherine Wright Smith and Valerie Villacin represented plaintiff Carole LaRoche on appeal from the King County Superior Court's rulings in proceedings concerning the dissolution of plaintiff's marriage to Alan Hoffman. In this matter, plaintiff alleges that Smith and Villacin (i) engaged in a civil conspiracy with Hoffman and plaintiff's trial attorneys, namely Jerry Kimball, who represented plaintiff from March 2009 until February 2010, and Ted D. Billbe, who began representing plaintiff in March 2010; (ii) converted plaintiff's community property; (iii) committed fraud by representing that they were plaintiff's lawyers when they "in fact worked the case for Mr. Billbe's benefit," Am. Compl. at ¶ 7.5 (docket no. 17); (iv) were negligent in handling the appeal; and (v) breached their fiduciary duty to plaintiff, _see_ Prop. 2d Am. Compl. at ¶¶ 8.5 & 8.6 (docket no. 137-1); Minute Order at ¶ 1(b) (docket no. 151).

Smith and Villacin moved to dismiss all of these claims pursuant to Rule 12(b)(6). In ruling on Smith's and Villacin's motion to dismiss, the Court must assume the truth of plaintiff's factual allegations and draw all reasonable inferences in plaintiff's favor. _See Usher v. City of Los Angeles_, 828 F.2d 556, 561 (9th Cir. 1987). The question for the Court is whether the facts in the operative complaint sufficiently state a "plausible" ground for relief. _See Bell Atl. Corp. v. Twombly_, 550 U.S. 544, 570 (2007). If the Court grants the motion to dismiss in part or in toto, it must consider whether to grant plaintiff leave to amend. _See Lopez v. Smith_, 203 F.3d 1122, 1130 (9th Cir. 2000).

ORDER - 2

A. **Civil Conspiracy**

Under Washington law, a civil conspiracy claim "must be premised on underlying 'actionable wrongs,' 'overt acts,' or a 'tort working damage to'" plaintiff.  See *Nw. Laborers-Emp'rs Health & Sec. Trust Fund v. Philip Morris, Inc.*, 58 F. Supp. 2d 1211, 1216 (W.D. Wash. 1999).  In support of her civil conspiracy claim against Smith and Villacin, plaintiff has offered nothing more than mere labels and conclusory assertions, which are insufficient to state a plausible claim, *see* *Twombly*, 550 U.S. at 555, and she has pleaded no facts indicating that Smith and Villacin entered into the requisite agreement with Hoffman, Kimball, and/or Billbe to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means, *see* *Wilson v. Washington*, 84 Wn. App. 332, 350-51, 929 P.2d 448 (1996).

The Court is satisfied that plaintiff cannot cure the deficiencies of her pleading with regard to the civil conspiracy claim.  To the extent plaintiff contends any alleged civil conspiracy was the reason she was deemed, on appeal, to have waived the theory that her prenuptial agreement with Hoffman was rescinded by the postnuptial conduct of the parties, plaintiff's claim is not cognizable.  The Court has already held that the King County Superior Court would not have been persuaded by the rescission argument and that the failure to advance the issue at trial was not the proximate cause of any damages sustained by plaintiff.  *See* Order (docket no. 30 in C13-1913 TSZ).  Plaintiff is bound by this earlier ruling even though Smith and Villacin were not parties to the malpractice litigation between plaintiff and Billbe.  *See* *Sahlberg v. P.S.C. Inc.*, 626 Fed. App'x 719 (9th Cir. 2015) (applying Washington law); *Gausvik v. Perez*, 396 F. Supp. 2d 1173,

ORDER - 3

1175 (E.D. Wash. 2005) (Washington and federal law concerning non-mutual collateral estoppel is not materially different).

To the extent plaintiff asserts Smith and Villacin colluded with Hoffman, Kimball, and/or Billbe to omit at trial evidence favorable to plaintiff, <u>see</u> Pla.'s Mot. Summ. J. at 14 (docket no. 154), such claim defies logic.  Smith and Villacin were not even involved in the dissolution proceedings, and likely knew nothing about them, when the trial was being conducted.  Moreover, the suggestion that Smith and Villacin conspired with plaintiff's ex-husband or plaintiff's trial attorneys to reduce or compromise plaintiff's share of the community property runs contrary to the result achieved by Smith and Villacin on appeal, which protected from Hoffman's challenge the property distribution that plaintiff received following trial.  <u>See</u> Ex. A to Defs.' Mot. (docket no. 101-1).  Finally, plaintiff's cursory allegations are inconsistent with the various lawyers' own pecuniary interests and are otherwise implausible.  Plaintiff's civil conspiracy claim against Smith and Villacin is DISMISSED with prejudice and without leave to amend, and plaintiff's motion for summary judgment on such claim is STRICKEN as moot.

**B.     Conversion**

Under Washington law, conversion is "the act of willfully interfering with any chattel, without lawful justification, whereby any person entitled thereto is deprived of the possession of it."  <u>Brown ex rel. Richards v. Brown</u>, 157 Wn. App. 803, 817, 239 P.3d 602 (2010).  "Money may become the subject of conversion, but only if the party charged with conversion wrongfully received the money, or if that party had an obligation to return the money to the party claiming it."  <u>Id.</u> at 817-18.  Plaintiff contends that Smith

ORDER - 4

and Villacin interfered with her "share of commingled community properties." Pla.'s Mot. Summ. J. at 15 (docket no. 154). Plaintiff's allegations do not support a claim of conversion. Plaintiff does not assert, nor can she, that Smith and Villacin received from Hoffman any community property belonging to plaintiff. Rather, the King County Superior Court decided how community property would be divided between plaintiff and Hoffman, and Smith and Villacin successfully defended against Hoffman's challenge on appeal, thereby preserving plaintiff's share. <u>See</u> Ex. A to Defs.' Mot. (docket no. 101-1). The Court is satisfied that plaintiff has no cognizable claim of conversion against Smith and Villacin. Plaintiff's conversion claim is DISMISSED with prejudice and without leave to amend, and her motion for summary judgment on such claim is STRICKEN as moot.

**C.     Fraud**

Under Washington law, fraud requires proof by "clear, cogent and convincing evidence" that (i) the defendant made a representation of an existing fact, (ii) which is material, and (iii) false; (iv) the defendant knew the representation was false, and (v) intended for the plaintiff to act upon it; (vi) the plaintiff did not know the representation was false, (vii) relied on the truth of the representation, and (viii) had a right to so rely; and (ix) the plaintiff suffered damages. <u>Stiley v. Block</u>, 130 Wn.2d 486, 505, 925 P.2d 194 (1996). Under federal procedural rules, the circumstances constituting fraud must be pleaded with particularity, but a state of mind (for example, malice, intent, knowledge) may be alleged in general terms. Fed. R. Civ. P. 9(b).

ORDER - 5

Plaintiff's assertion that Smith and Villacin represented they were her lawyers, while actually working the case for Billbe's benefit, does not state a cause of action for fraud. Smith and Villacin were in fact plaintiff's attorneys on appeal, so their alleged statements were not false. Moreover, even if Smith and Villacin advocated, on appeal, Billbe's view of the case, they would not have been committing fraud; Billbe was plaintiff's counsel at trial and, until plaintiff accused him of malpractice after the appeal and Smith's and Villacin's work on the matter was completed, Billbe's interests were aligned with hers. Finally, plaintiff has not alleged that Smith and Villacin even knew they had made any false representations or intended plaintiff to rely upon them. Plaintiff has not pleaded fraud with the requisite particularity, and the Court is persuaded that she cannot cure such deficiencies. Plaintiff's claim of fraud against Smith and Villacin is DISMISSED with prejudice and without leave to amend, and her motion for summary judgment on such claim is STRICKEN as moot.

### D. Negligence and Breach of Fiduciary Duty

Plaintiff's negligence and breach of fiduciary duty claims are forms of an action for legal malpractice. *See* WPI 107.00 (observing that "negligence-based [malpractice] actions and fiduciary-based [malpractice] actions both sound in tort, and in most cases the two causes of action have similar elements"). To establish a negligence-based legal malpractice claim, plaintiff must prove (i) Smith and Villacin were her attorneys at the relevant time; (ii) they failed to comply with the applicable standard of care and were therefore negligent; (iii) plaintiff was injured; and (iv) Smith's and Villacin's negligence was a proximate cause of plaintiff's injury. *See* WPI 107.06; *see also* *Hizey v. Carpenter*,

119 Wn.2d 251, 260-61, 830 P.2d 646 (1992).  To establish a fiduciary-based legal malpractice claim, plaintiff must also prove (i) the existence of an attorney-client relationship, as well as (ii) a breach of fiduciary duty on the part of Smith and Villacin; (iii) an injury; and (iv) a proximate cause relationship between the breach of fiduciary duty and the injury.  <u>See</u> WPI 107.10; <u>see also</u> <u>Micro Enhancement Int'l, Inc. v. Cooper & Lybrand, LLP</u>, 110 Wn. App. 412, 433-34, 40 P.3d 1206 (2002).

Before Smith and Villacin filed their motion to dismiss, plaintiff indicated in a motion for leave to amend, docket no. 85, and two praecipes, docket nos. 99 and 100, that she intended to voluntarily dismiss the negligence-based malpractice claim.  Thus, Smith and Villacin did not address the negligence claim in their motion to dismiss.  Plaintiff's amended motion for leave to amend, docket no. 137, pursuant to which the breach of fiduciary duty claim was added, <u>see</u> Minute Order at ¶ 1(b) (docket no. 151), retracted the idea that the negligence claim would be dismissed.  With regard, however, to both the negligence-based and fiduciary-based malpractice claims, the operative pleading is deficient; plaintiff has not sufficiently alleged how Smith and Villacin either failed to meet the requisite standard of care or breached their fiduciary duties to plaintiff.

The only relevant facts plaintiff has pleaded involve the postnuptial commingling of assets, <u>see</u> Prop. 2d Am. Compl. at ¶ 3.52 (docket no. 137-1), which relates to her theory that the prenuptial agreement was rescinded by the parties' conduct during their marriage, but she cannot proceed on such theory against Smith and Villacin in light of the Court's previous rulings that the argument would not have been successful if it had been presented to the King County Superior Court and that the failure to raise the issue was not

ORDER - 7

a proximate cause of plaintiff's alleged injury.  <u>See</u> Order (docket no. 30 in C13-1913 TSZ); <u>see also</u> <u>Sahlberg</u>, 626 Fed. App'x at 722; <u>Gausvik</u>, 396 F. Supp. 2d at 1175.  In addition, plaintiff's accusation that Smith and Villacin "disregarded" the postnuptial commingling, <u>see</u> Prop. 2d Am. Compl. at ¶ 3.52 (docket no. 137-1), is belied by the opinion issued by Division I of the Washington State Court of Appeals, which makes clear Smith and Villacin did, in fact, assert on plaintiff's behalf that the prenuptial agreement was "unenforceable because neither party followed its terms throughout the marriage," but Division I declined to address the matter because it was raised for the first time on appeal.  <u>See</u> Ex. A to Defs.' Mot. (docket no. 101-1 at 5).  Smith and Villacin cannot be faulted for failing to make the argument to the King County Superior Court because they were not, at that time, involved in the case.  Plaintiff simply cannot premise a legal malpractice claim against Smith and Villacin on the way in which the rescission theory was handled.

Whether plaintiff does, or even can, assert different grounds in support of her legal malpractice claims (<u>i.e.</u>, her negligence and breach of fiduciary duty claims) against Smith and Villacin is unclear, and the Court is therefore unable to conclude that plaintiff cannot cure the deficiencies of her pleading with respect to the legal malpractice claims.  Thus, the negligence and breach of fiduciary duty claims against Smith and Villacin are DISMISSED without prejudice and with leave to file a motion to amend within twenty-one (21) days of the date of this Order.  Any such motion shall be noted for the fourth Friday after filing and shall be accompanied by a proposed Second Amended Complaint, as well as a redlined version indicating what changes have been made since the Amended

Complaint, docket no. 17.  Any such proposed Second Amended Complaint shall not re-plead claims that have been dismissed with prejudice, and it shall indicate with particularity the standard of care and/or fiduciary duty that Smith and Villacin are alleged to have breached and the manner in which they are alleged to have done so.  If no motion to amend is timely filed, the Court will infer that plaintiff acknowledges she has no malpractice claim against Smith and/or Villacin "warranted by existing law," Fed. R. Civ. P. 11(b)(2), and will dismiss the negligence and breach of fiduciary duty claims against Smith and Villacin with prejudice.  **On the other hand, if plaintiff further pursues malpractice claims against Smith and Villacin, and the Court ultimately determines that such claims are frivolous, the Court will impose sanctions pursuant to Federal Rule of Civil Procedure 11(c).**  With regard to the malpractice (negligence and breach of fiduciary duty) claims against Smith and Villacin, plaintiff's motion for summary judgment is STRICKEN without prejudice.

**Conclusion**

For the foregoing reasons, defendants Catherine Wright Smith's and Valerie Villacin's motion to dismiss, docket no. 101, is GRANTED as follows.  Plaintiff's claims of civil conspiracy, conversion, and fraud against Smith and Villacin are DISMISSED with prejudice and without leave to amend.  Plaintiff's claims of negligence and breach of fiduciary duty against Smith and Villacin are DISMISSED without prejudice and with leave to file, within twenty-one (21) days of the date of this Order, a motion to amend, accompanied by a proposed Second Amended Complaint.  **Plaintiff is REMINDED of her obligations to comply with Federal Rule of Civil Procedure 11 when filing any**

1  **such motion to amend or any other materials in this court.**  Plaintiff's motion for
2  summary judgment, docket no. 154, is STRICKEN in part as moot with regard to her
3  civil conspiracy, conversion, and fraud claims against Smith and Villacin, STRICKEN in
4  part without prejudice as to her negligence-based and fiduciary-based legal malpractice
5  claims against Smith and Villacin, and DEFERRED in part as to her claims against
6  defendants Brian J. Waid and Jessica Creager.  Smith's and Villacin's motion, docket
7  no. 157, for relief from deadline and to stay plaintiff's motion for summary judgment, is
8  STRICKEN as moot.  Waid's and Creager's joinder in such motion, docket no. 158, will
9  be addressed separately.

   IT IS SO ORDERED.

   DATED this 29th day of March, 2016.

   /s/ Thomas S. Zilly
   Thomas S. Zilly
   United States District Judge

ORDER - 10