UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROLE LaROCHE,<br><br>  Plaintiff,<br><br>  v.<br><br>CATHERINE WRIGHT SMITH, et al.,<br><br>  Defendants. | C15-1003 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on (i) a motion for summary judgment, docket no. 80, brought by defendants Brian J. Waid and Jessica Creager; (ii) Waid's and Creager's request for judicial notice, docket no. 111; (iii) a cross-motion for summary judgment, docket no. 154, brought by plaintiff Carole LaRoche; and (iv) Waid's and Creager's request to stay plaintiff's motion for summary judgment, docket no. 158. Having reviewed the parties' filings to date, the Court enters the following order.

**Background**

Brian J. Waid and Jessica Creager represented plaintiff in a malpractice action against plaintiff's former attorney Ted D. Billbe. *See* Compl. (docket no. 1, W.D. Wash. Case No. C13-1913 TSZ). The pleading filed by Waid and Creager on plaintiff's behalf

ORDER - 1

alleged that Billbe's performance during marriage dissolution proceedings in King County Superior Court fell below the applicable standard of care in the following ways: (A) failing to argue that the prenuptial agreement between plaintiff and her then husband, Alan Hoffman, was rescinded by the parties' postnuptial conduct; (B) misstating material facts to King County Superior Court Judge Carol Schapira; (C) failing to request relief to which plaintiff was entitled; and (D) engaging in "[s]uch other and different breaches of fiduciary duty as may be identified during discovery and/or trial." Id. at ¶ 4.1.

Several months before the deadline for filing dispositive motions, Billbe sought partial summary judgment as to the claim stated in Paragraph 4.1(A), relating to the theory of rescission. See Minute Order (docket no. 16, C13-1913) (continuing trial date and related deadlines); Billbe's Mot. Partial Summ. J. (docket no. 17, C13-1913). On plaintiff's behalf, Waid and Creager timely filed a response to Billbe's motion for partial summary judgment. Along with their response brief, they filed three declarations, one signed by plaintiff, one from plaintiff's expert (attorney Emmelyn Hart), and one prepared by Waid, attached to which were various materials from the underlying dissolution proceedings and excerpts from the transcript of Billbe's deposition. See Decls. (docket nos. 24, 23, and 22, C13-1913). Billbe requested in his reply that the Court strike Hart's declaration, and Waid and Creager promptly gave notice of their intent to submit a surreply, which they then timely filed. See Notice & Surreply (docket nos. 27 and 28, C13-1913).

The Court denied Billbe's motion to strike Hart's declaration, but granted his motion for partial summary judgment. See Order (docket no. 30, C13-1913). The Court

ORDER - 2

reasoned that, under the "attorney judgment rule," to hold Billbe liable for deciding not to present the rescission argument to Judge Schapira, plaintiff was required to show that either (a) no reasonable Washington attorney would have made the same decision, or (b) Billbe breached the standard of care in reaching this decision. <u>Id.</u> at 10.  As plaintiff's expert on the subject, Hart opined merely that Billbe "should have made the [rescission] argument" when the matter was before Judge Schapira, which the Court concluded did not negate the "attorney judgment rule." <u>Id.</u>  The Court also ruled that, even if Billbe had advanced the rescission theory, the result of the dissolution proceedings would probably have been the same because Judge Schapira would likely have been unpersuaded that the prenuptial agreement was invalidated by plaintiff's and Hoffman's conduct during their marriage. <u>Id.</u> at 10-14.

Roughly two weeks after the Court issued its order dismissing the claim stated in Paragraph 4.1(A), Billbe again moved for partial summary judgment, but only as to one issue. The motion was subsequently stricken, but from that point forward, plaintiff proceeded pro se in the litigation at her own request, <u>see</u> Pla.'s Mot. (docket no. 37, C13-1913), and upon a stipulation between her, Waid and Creager, and counsel for Billbe, Stip. (docket no. 43, C13-1913). <u>See</u> Minute Order (docket no. 44, C13-1913). Billbe filed another motion, this time for full summary judgment, and the motion was continued for over three months, as a result of two motions made by plaintiff pro se. <u>See</u> Minute Orders (docket nos. 57 & 61, C13-1913). In the meantime, Waid filed a notice of lien pursuant to RCW 60.40.010, indicating that he was owed $8,403.65 in unpaid litigation expenses, with interest at the rate of twelve percent (12%) per annum, plus

ORDER - 3

thirty-three and one-third percent (33⅓%) of any amount plaintiff recovered in the litigation. Notice (docket no. 48, C13-1913). The Court later granted summary judgment in favor of Billbe and dismissed all of plaintiff's legal malpractice claims against him, rendering moot a motion plaintiff had filed seeking to avoid Waid's lien. Order (docket no. 83, C13-1913).

Undeterred by the Court's substantive rulings, plaintiff initiated this action against Waid, Creager, and others, including Billbe. Plaintiff's claims against Billbe have already been dismissed on res judicata, collateral estoppel, and other grounds. Order (docket no. 152). With respect to Waid and Creager, plaintiff has pleaded the following claims: (i) civil conspiracy; (ii) conversion; (iii) negligence; (iv) breach of fiduciary duty; and (v) fraud. See Am. Compl. (docket no. 17); Prop. 2d Am. Compl. (docket no. 137-1); Minute Order (docket no. 151). Waid and Creager have asserted a breach of contract counterclaim, seeking to recover the litigation expenses advanced in the earlier action against Billbe. See Answer & Countercl. (docket no. 52). They now move for summary judgment on plaintiff's claims and their counterclaim. Defs.' Mot. (docket no. 80). Plaintiff has cross-moved for summary judgment on her claims. Pla.'s Mot. (docket no. 154).

**Discussion**

**A.   Summary Judgment Standard**

The Court shall grant summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue

ORDER - 4

of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To survive a motion for summary judgment, the adverse party must present "affirmative evidence," which "is to be believed" and from which all "justifiable inferences" are to be favorably drawn. *Id.* at 255, 257. When the record, however, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, summary judgment is warranted. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *see also Celotex*, 477 U.S. at 322 (Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial").

B. **Civil Conspiracy**

Under Washington law, to prevail on her civil conspiracy claim, plaintiff must prove by "clear, cogent and convincing evidence" that Waid and Creager agreed with each other and/or with one or more of plaintiff's prior attorneys, Hoffman, his attorneys, and/or Hart, *see* Am. Compl. at ¶¶ 4.2, 4.10, & 4.11 (docket no. 17), to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. *See Wilson v. Washington*, 84 Wn. App. 332, 350-51, 929 P.2d 448 (1996). Waid and Creager have each filed a declaration denying the existence of any conspiracy. Waid Decl. at ¶¶ 5 & 6(A)-(I) (docket no. 82); Creager Decl. at ¶¶ 3 & 4(A)-(I) (docket no. 83). Plaintiff has offered no evidence to contradict Waid's and Creager's recitation of relevant facts.

ORDER - 5

Both Waid and Creager indicate that they have never had contact with Hoffman or his attorneys (Paul F. Eagle and J. Blake Hilty),[1] with Valerie Villacin, one of the lawyers who represented plaintiff on appeal in connection with the dissolution matter, or with Jerry R. Kimball, who withdrew as plaintiff's counsel of record before Billbe appeared. Waid Decl. at ¶¶ 6(C)-(D); Creager Decl. at ¶¶ 4(C)-(D).  With respect to Catherine Wright Smith, who also represented plaintiff on appeal, neither Waid nor Creager recall any direct communications, but they acknowledge that their office had contact with Smith's office for the purpose of obtaining copies of documents in her files relating to plaintiff, which were needed for their work on plaintiff's malpractice action.  Waid Decl. at ¶ 6(E); Creager Decl. at ¶ 4(E).  Both Waid and Creager further state under oath that the only time they have spoken with Billbe was during his deposition in the malpractice action in which they represented plaintiff, and that plaintiff was present during all such conversations.  Waid Decl. at ¶ 6(H); Creager Decl. at ¶ 4(H).  With respect to Hart, with whom Waid and Creager necessarily conferred, having retained her as an expert witness, Waid and Creager have explained that the purpose of their discussions was not to conspire against plaintiff, but rather to attempt to recover on plaintiff's behalf.  Waid Decl. at ¶ 6(F); _see_ Creager Decl. at ¶ 4(F).

---

[1] Waid and Creager have asked the Court to take judicial notice of an order issued in October 2015 by Judge Schapira, which contains a hand-written finding that no fraud had been perpetrated by Hoffman or his representatives at the time of trial.  _See_ Req. for Judicial Notice (docket no. 111).  Waid and Creager rely on this annotation for the proposition that they could not have conspired with Billbe or Hoffman and his lawyers.  The Court has considered Judge Schapira's ruling, but does not draw from it the conclusion suggested by Waid and Creager.  Judge Schapira made no finding concerning Billbe, and was not faced with the conspiracy claim at issue.

ORDER - 6

The Court is satisfied that no genuine dispute as to any material fact exists and that Waid and Creager are entitled to judgment as a matter of law with respect to plaintiff's civil conspiracy claim. The uncontroverted facts indicate that neither Waid nor Creager "conspired" with Hoffman, Eagle, Hilty, Kimball, Billbe, Smith, or Villacin. Moreover, although Waid and Creager communicated with each other and with Hart, the record reflects that they did so solely to advance plaintiff's claims, and not to undermine them. Waid and Creager were to be compensated on a contingent-fee basis, and their financial interests were fully aligned with those of plaintiff. Waid Decl. at ¶ 6(B); Creager Decl. at ¶ 4(B). No inference can be made that Waid and Creager would ignore their professional and ethical responsibilities and engage in the type of conspiracy that plaintiff has alleged in this action.[2] Plaintiff's civil conspiracy claim is DISMISSED with prejudice.

**C.     Conversion**

Under Washington law, conversion is "the act of willfully interfering with any chattel, without lawful justification, whereby any person entitled thereto is deprived of the possession of it." <u>Brown ex rel. Richards v. Brown</u>, 157 Wn. App. 803, 817, 239 P.3d 602 (2010). "Money may become the subject of conversion, but only if the party charged with conversion wrongfully received the money, or if that party had an obligation to

---

[2] Plaintiff has accused Creager of conspiring with Waid "to obtain more funds from [her] than what they had worked for, by filing a lien against any future judgment." Am. Compl. at ¶ 4.11 (docket no. 17). Plaintiff has proffered no evidentiary support for this claim. Moreover, Creager has denied engaging in any such conspiracy, stating that, as an associate, she has no financial interest in whether the law firm is reimbursed for litigation expenses, and that she was not consulted before Waid filed the notice of lien in the earlier malpractice action. Creager Decl. at ¶ 4(I) (docket no. 83). Finally, the notice of lien was an appropriate means of alerting the adverse party, namely Billbe, as well as the Court, that a dispute existed regarding Waid's compensation for legal services rendered. <u>See</u> RCW 60.40.010(1)(c).

ORDER - 7

return the money to the party claiming it." <u>Id.</u> at 817-18.  Plaintiff has not identified any personal property or money that Waid and/or Creager allegedly converted.  To the extent she asserts that the money deposited into Waid's client trust account was converted, the undisputed evidence is that Waid issued monthly invoices documenting the litigation expenses charged against such funds and that plaintiff did not contemporaneously object.  <u>See</u> Waid Decl. at ¶ 7 (docket no. 82).  No triable issue is presented in connection with plaintiff's claim of conversion against Waid and Creager, and the claim is DISMISSED with prejudice.

D. **Negligence and Breach of Fiduciary Duty**

Plaintiff's negligence and breach of fiduciary duty claims are forms of an action for legal malpractice.  <u>See</u> WPI 107.00 (observing that "negligence-based [malpractice] actions and fiduciary-based [malpractice] actions both sound in tort, and in most cases the two causes of action have similar elements").  To establish a negligence-based legal malpractice claim, plaintiff must prove (i) Waid and Creager were her attorneys at the relevant time; (ii) they failed to comply with the applicable standard of care and were therefore negligent; (iii) plaintiff was injured; and (iv) Waid's and Creager's negligence was a proximate cause of plaintiff's injury.  <u>See</u> WPI 107.06; <u>see also</u> <u>Hizey v. Carpenter</u>, 119 Wn.2d 251, 260-61, 830 P.2d 646 (1992).  To establish a fiduciary-based legal malpractice claim, plaintiff must also prove (i) the existence of an attorney-client relationship, as well as (ii) a breach of fiduciary duty on the part of Waid and Creager; (iii) an injury; and (iv) a proximate cause relationship between the breach of fiduciary

ORDER - 8

duty and the injury.  See WPI 107.10; see also Micro Enhancement Int'l, Inc. v. Coopers & Lybrand, LLP, 110 Wn. App. 412, 433-34, 40 P.3d 1206 (2002).

To the extent plaintiff's negligence-based and/or fiduciary-based malpractice claims assert that Waid and Creager should have achieved a better result with respect to the theory that Billbe's decision not to raise the rescission issue in the dissolution proceedings constituted deficient performance on his part, the Court CONCLUDES as a matter of law that the claims lack merit.  Waid and Creager, as well as Billbe, worked with the facts as given, which did not support invalidation of the prenuptial agreement on the basis of the parties' commingling of assets or other conduct during the marriage.  Plaintiff has identified no standard of care or fiduciary duty that was breached by either Waid or Creager in connection with the development and presentation of the rescission argument, and the Court is satisfied that neither Waid nor Creager engaged in legal malpractice in that regard.  Waid and Creager were permitted to withdraw as counsel of record for plaintiff before any other substantive rulings were made in the earlier lawsuit, and plaintiff cannot fault either of them for her eventual lack of success against Billbe.[3]

---

[3] Plaintiff appears to believe that Waid acted improperly when he encouraged her, via e-mail, to make Billbe a "reasonable settlement offer."  See Ex. 2 to LaRoche Decl. (docket no. 114-2).  In an e-mail on July 28, 2014, Waid indicated that he had spoken on the telephone with Billbe's lawyer, Sam Franklin of Lee Smart, P.S., Inc., and that Franklin "report[ed] that if [plaintiff] were to make them a reasonable settlement offer, i.e., a settlement offer based on a discounted amount to reflect the attorney fees not recovered [in the dissolution proceedings], he would seriously discuss that with Mr. Billbe tomorrow morning."  Id. (docket no. 114-2 at 2).  In a subsequent e-mail on July 30, 2014, in response to plaintiff's intervening e-mail, Waid wrote that he was "frankly mystified by [plaintiff's] legal analysis" and that plaintiff "seem[ed] to have the legal principles upside down."  Id. (docket no. 114-2 at 3).  Waid further stated that "[i]f you were willing to settle your case for somewhere in the $35k-$50k range, that might be possible.  But you will never know if you don't authorize us to try."  Id.  Nothing in these e-mails would support a claim of legal malpractice.  To the contrary, these e-mails demonstrate that, consistent with the Rules of Professional Conduct, Waid promptly informed plaintiff about his discussion with Billbe's

ORDER - 9

Plaintiff's negligence and breach of fiduciary duty claims against Waid and Creager are DISMISSED with prejudice.

**E.     Fraud**

To the extent that plaintiff's fraud claim is premised on her conspiracy allegations, it lacks merit for the same reasons her civil conspiracy claim has been dismissed. To the extent that plaintiff's fraud claim is instead based on the statements contained in Waid's website, it fails as a matter of law. Under Washington law, fraud requires proof by "clear, cogent and convincing evidence" that (i) the defendant made a representation of an existing fact, (ii) which is material, and (iii) false; (iv) the defendant knew the representation was false, and (v) intended for the plaintiff to act upon it; (vi) the plaintiff did not know the representation was false, (vii) relied on the truth of the representation, and (viii) had a right to so rely; and (ix) the plaintiff suffered damages. *Stiley v. Block*, 130 Wn.2d 486, 505, 925 P.2d 194 (1996).

Waid's website (http://www.waidlawoffice.com) describes him as an "experienced legal malpractice attorney in Seattle." Ex. 1 to LaRoche Decl. (docket no. 114-1). Plaintiff has provided no evidence indicating that such representation is false.[4] The

---

attorney and sought plaintiff's "informed consent" to extend an offer of settlement to Billbe. *See* Wash. RPC 1.4(a)(1) (a lawyer shall "promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0A(e), is required by these Rules") & cmt. [2] ("a lawyer who receives from an opposing lawyer an offer of settlement in a civil controversy . . . must promptly inform the client of its substance unless that client has previously indicated that the proposal will be acceptable or unacceptable or has authorized the lawyer to accept or to reject the offer"); *see also* Wash. RPC 1.2(a) ("A lawyer shall abide by a client's decision whether to settle a matter.").

[4] Attached to plaintiff's declaration, docket nos. 154-1 through 154-5, in support of her cross-motion for summary judgment, docket no. 154, are the amended complaints in two actions pending against Waid in King County Superior Court. These pleadings are not evidence. Also attached to plaintiff's declaration is

ORDER - 10

1  website further indicates that, when individuals become "victims of legal malpractice,"
2  they might have difficulty trusting lawyers, but that Waid will "work diligently to help
3  restore your faith in legal professionals by offering detailed and personalized advice on
4  your legal malpractice and legal fee dispute claims."  *Id.*  The website also states that
5  Waid "may be able to help you obtain financial restitution for losses stemming from
6  missed opportunities or avoidable unfavorable judgments."  *Id.*  According to the
7  website, "[w]hen your legal malpractice proceedings are over, [Waid] want[s] you to be
8  able to look back on how you handled it and be proud that you stood up for your rights."
9  *Id.*  None of the preceding three excerpts from the website concern an existing fact;
10 rather, they express only hopes and predictions or perhaps promises about the future.
11 Such statements are not actionable as fraud.  *See Shook v. Scott*, 56 Wn.2d 351, 355, 353
12 P.2d 431 (1960) ("a representation that something will be done in the future, or a promise
13 to do it, from its nature cannot be true or false at the time when it is made"); *see also* 37
14 Am. Jur. 2d *Fraud & Deceit* § 87.  Plaintiff's fraud claim is DISMISSED with prejudice.
15 **F.    Discovery**
16     In response to Waid's and Creager's motion for summary judgment, plaintiff
17 indicated that she wished to conduct discovery, *see* Resp. at 5 & 7 (docket no. 113), and
18 she filed a separate motion to continue their summary judgment motion until after the
19 completion of discovery.  The Court granted plaintiff's motion in part, renoted Waid's

---

a copy of a letter she sent to the Washington State Attorney General.  Although this letter was not signed under penalty of perjury, it has been considered by the Court, and it too fails to support plaintiff's various claims.

ORDER - 11

and Creager's summary judgment motion, and allowed plaintiff to file a supplemental response.  <u>See</u> Minute Order at ¶ 3 (docket no. 132).  The Court is satisfied that Waid's and Creager's motion for summary judgment need not be further deferred pursuant to Rule 56(d).  Plaintiff's pleading is so deficient that she cannot establish an entitlement to engage in discovery.  <u>See</u> <u>Rutman Wine Co. v. E. & J. Gallo Winery</u>, 829 F.2d 729, 738 (9th Cir. 1987) ("It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery.").  Moreover, the only discovery plaintiff has proposed to conduct concerns "why the Law Office of Brian J. Waid would be willing to have LaRoche settle" and receive "a mere $1,000 per month for two attorneys for a whole year."  Resp. at 5 (docket no. 113).  Such discovery would not involve "matter that is relevant" to plaintiff's claims, <u>see</u> Fed. R. Civ. P. 26(b)(1), and plaintiff's suggestion that 33⅓% of a $35,000-$50,000 settlement (roughly $12,000 at a minimum) could not be viewed as a reasonable amount of compensation when the case (presumably one of many Waid and Creager were simultaneously handling) resolved in advance of trial is simply absurd.  Finally, plaintiff has herself moved for summary judgment, thereby undermining any argument that genuine disputes of material fact exist or that discovery is necessary.  To the extent that plaintiff still seeks discovery in advance of the Court's ruling on Waid's and Creager's summary judgment motion, such request is DENIED.

G.    **<u>Outstanding Litigation Expenses</u>**

In support of Waid's and Creager's motion for summary judgment on their counterclaim, their attorney has submitted a declaration, attached to which are documents

ORDER - 12

filed in the previous malpractice case, including (i) Waid's declaration in opposition to plaintiff's motion to avoid lien, <u>see</u> Ex. 10 to Biddle Decl. (docket no. 81-10) (containing Waid Decl. (docket no. 73, C13-1913)), and (ii) Waid's surreply declaration, <u>see</u> Ex. 14 to Biddle Decl. (docket no. 81-14) (containing Waid Surreply Decl. (docket no. 76-1, C13-1913)). Plaintiff has offered no contrary evidence and no explanation for why she should not be required to reimburse Waid and Creager for the amounts advanced on her behalf in connection with her prior litigation against Billbe. The Court is satisfied that no genuine dispute of material fact exists, that the amount sought is adequately supported by the record, and that Waid and Creager are entitled to judgment as a matter of law against plaintiff in the amount of $8,403.65. Such amount shall bear interest at the rate of twelve percent (12%) per annum from October 4, 2014, until the date of judgment, and shall bear interest after the date of judgment at the rate specified in 28 U.S.C. § 1961. Judgment will be entered in favor of Waid and Creager and against plaintiff after the remaining claims in this matter are resolved. After judgment is entered, Waid and Creager may tax costs in the manner set forth in Local Civil Rule 54(d), and may move within the time specified in Rule 54(d)(2) for attorney's fees pursuant to RCW 4.84.250 relating solely to their counterclaim.

**Conclusion**

  For the foregoing reasons, Waid's and Creager's motion for summary judgment, docket no. 80, is GRANTED as to plaintiff's claims, which are DISMISSED with prejudice, and GRANTED as to their counterclaim. Waid and Creager are entitled to judgment against plaintiff in the amount of $8,403.65, which will be entered after the

remaining claims in this matter are resolved.  Plaintiff's cross-motion for summary judgment, docket no. 154, is DENIED.  Waid's and Creager's request to stay plaintiff's cross-motion for summary judgment, *see* Joinder (docket no. 158), is STRICKEN as moot.

     IT IS SO ORDERED.

     Dated this 5th day of April, 2016.

                                                                            /s/ Thomas S. Zilly

                                                                            Thomas S. Zilly
                                                                            United States District Judge

ORDER - 14